WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel W. Swoopes,  )  <br> ) <br>Petitioner, ) <br>v. ) <br> ) <br>Sam Sublett, ) <br> ) <br> ) <br>Respondent. ) <br>_____) | CV 93-471 TUC DCB <br><br>**ORDER** |

Pending before this Court is Petitioner's Motion for Reconsideration of and Relief from Judgement, filed on October 7, 2005. (document 78) Respondent filed its response on October 14, 2005. (document 82) Then, on October 19, 2005, before giving this Court an opportunity to rule on his Motion for Reconsideration, Petitioner filed a Notice of Appeal to the Ninth Circuit on October 19, 2005. (document 82)

By filing his Notice of Appeal, however, Petitioner has not divested this Court of jurisdiction to consider the pending Motion for Reconsideration. *See, Miller v. Marriott International, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002).

On July 20, 2005, this case was reassigned to Judge David C. Bury from Judge William D. Browning. (document 74) On August 15, 2005, Judge Bury issued an order for Petitioner to show written cause why this case should not be dismissed for lack of prosecution. (document 75). On September 19, 2005, after receiving no response to the order to show cause, Judge Bury dismissed this case with prejudice, pursuant to Rule 41(b), Fed.R.Civ.P. (document 76) Judgement was entered the same day. (document 77)

In the motion, Petitioner's counsel avows that neither he nor his office received <u>any</u> of the aforementioned orders and was wholly unaware of them until October 6, 2005. (Motion at 3-4) Counsel further avows that on October 7, 2005, he went to the Office of the Clerk of Court in the Tucson division, where he was advised by the Clerk's employees that <u>neither</u> the July 20, 2005 order of reassignment <u>nor</u> the August 15, 2005 order to show cause <u>were sent or delivered</u> to Petitioner's counsel, the State's counsel, or to Petitioner himself. (Motion at 4) Furthermore, according to Petitioner's counsel, while the Clerk's office did claim to have delivered the September 19, 2005, order of dismissal to the office of Petitioner's counsel, no one in that office has any recollection of such and the order is nowhere to be found in counsel's office. (Motion at 4, 5)

Based upon the avowals of Petitioner's counsel (avowals which this Court has no reason to disbelieve), it is clear that Petitioner did not receive notice of any of the orders leading up to and resulting in the dismissal of Petitioner's action. In short, due exclusively to the failings of the Clerk's office, and through no fault of his own, Petitioner finds himself severely prejudiced by this Court's judgement. The circumstances which led to the dismissal of Petitioner's action clearly constitute "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6), Fed.R.Civ.P.

**Accordingly,**

**IT IS ORDERED** that Petitioner's Motion for Reconsideration and Relief (document 78) is **GRANTED.**

**IT IS FURTHER ORDERED** that this Court's Orders of August 15, 2005, and September 19, 2005, (documents 75, 76), as well as the Clerk's Judgment of September 19, 2005, (document 77) are **VACATED** and this case is **REINSTATED** and **RESTORED** to this Court's active docket.

DATED this 25th day of October, 2005.

David C. Bury
United States District Judge

3